EASTERN DIST.
*February,* 1837.

MOORE
*vs.*
ALLAIN.

MOORE *vs.* ALLAIN.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
OF THE DISTRICT PRESIDING.

In a petitory action, the defendant in possession, who declines title and
indicates the name of his lessor, may be dismissed, and the person claim-
ing title must be made a party.

The hypothecary action is a proceeding *in rem*, and when brought against
the mortgaged property, it follows it as a real right into whatever hands
it may be found. The third person claiming it must either give up the
property or pay the mortgage debt.

The person in the occupancy of mortgaged property, cannot get himself
discharged from an hypothecary action, on indicating the name of his
lessor. He may notify the latter to appear and defind the property.

The occupant or tenant of mortgaged property is not liable for costs in
an hypothecary action against it. It is a proceeding *in rem*, and the
property must pay.

This is an hypothecary action. The plaintiff alleges that
one John Nicholls was appointed his tutor in April 1819, and
failed to render an account or pay over the amount due to
him. That he obtained a judgment against his said tutor
for the sum of seven thousand nine hundred and eight dollars,
upon which execution issued, and was returned no property
found.

He further alleges, that said Nicholls was the owner of a
tract of land in the parish of Point Coupee, at the time of his
appointment to the tutorship, which is now in the possession
of Sosthene Allain, and is tacitly mortgaged for the amount
of his debt and demand.

He further alleges, that he has demanded payment of the
said debt of Nicholls, the principal debtor, more than thirty
days, and given notice to the defendant, Allain, to pay it or
give up the mortgages, more than ten days previous to the
institution of this suit.

He prays that the defendant be cited according to law, and that the land be seized and sold to satisfy his demand, with interest and costs.

Allain answered and disclaimed title to the property. He further averred that he had leased it from James Erwin as the agent of Mrs. Yeatman, who resides in the state of Tennessee.

He prays that a curator *ad hoc* be appointed to defend the interests of said absentee, as his warrantor and owner of the property, and that he be dismissed.

A curator *ad hoc* was accordingly appointed to the agent of Mrs. Yeatman, and the cause continued for six months.

The evidence fully sustained the plaintiff's demand, and the owner of the land not appearing, judgment was rendered in favor of the plaintiff, ordering the mortgaged premises to be seized and sold to satisfy his demand, and that the defendant Allain pay costs. The latter appealed.

*Bradford*, for the plaintiff and appellee.

1. The notice to Allain, who is in possession of the mortgaged property, was given more than thirty days before the institution of this suit, and after a previous demand and judgment regularly obtained against the common debtor. He was therefore bound, either to pay the debt, or give up the mortgaged premises to be seized and sold to satisfy it.

2. He cannot contest the proceedings in the Probate Court, in which the plaintiff, by a judgment, liquidated his demand against Nicholls, his former tutor.

3. The plaintiff was only bound to proceed against Allain who is in possession, because the real owner of the mortgaged premises, lives beyond the limits of the state. The former was his tenant or agent, and there was no necessity for citing him in warranty; but had he been disposed to have contested the case, could have done it. *Code of Practice, article* 43.

4. If an absentee having a tenant in possession, who mortgages property in this state, can procrastinate by claiming to

be called in warranty, there is an end to the executory process. The party defeats the law by his own act.

5. There was no necessity for recording the tutor's bond in the parish of Point Coupee, where the property is situated. The appointment of the tutor is the foundation of the mortgage, which is given by law, and exists without being recorded. *Louisiana Code*, 3298.

*Mitchell*, for the defendant, maintained that the owner of the property should have been brought in and made a party to this suit. The defendant was merely the possessor and tenant of the owner, and was not bound to defend on disclaiming title.

2. The judgment is erroneous, independant of the want of the true party in interest. It should have been in the alternative or conditional, for the sale of the property, if the owner did not pay the debt.

3. The appointment and surety bond of the tutor should have been recorded in Point Coupee, where the land lies, to operate as a mortgage on it against, and in the hands of a third person. *Louisiana Code*, 3298, 3314.

4. If a mortgage ever existed on this property, it has been long since extinguished as regards third persons. *Louisiana Code* 3333.

*Chinn*, on the same side.

1. Moore having obtained a judgment against his curator, who was appointed in 1819, in Feliciana, instituted this proceeding to subject some lands lying in Point Coupee, to the satisfaction of his judgment, by reason of a lien, resulting from the appointment of his tutor.

2. About 1824, by authentic act, Nicholls, the tutor, conveyed the estate in controversy, to James Erwin, and it is now, as it appears by the record, holden by Mrs. Yeatman, and by her agent, Erwin, leased to Allain.

3. The proceeding is in the ordinary way, against Allain only, and an order of sale pronounced by the court, to reverse which, this appeal is prosecuted.

4. The decree upon its face shows that the estate had been transferred to Erwin. Allain by his answer admits nothing, but simply disclaims any right to the property, and prays that the proprietor may be cited in warranty, or called to respond.

Was not Mrs. Yeatman a necessary party, and was she not the *possessor*, which the law contemplated should, or might be sued?

5. The suit may be against a third possessor, although he have not the paramount title, but he must be a possessor claiming for himself, and in his own right. ˜ The law never could have contemplated that one could be deprived of his rights of possession or property, by a suit in the ordinary way, without being before the court or having an opportunity of being heard. Can a suit against my overseer be sufficient to turn him from my plantation, and thus divest me of possession? It may be said that he is a third possessor; that he has the actual, natural possession; *the pedis possessio;* but is it such a possession as the law contemplated, when it authorized a mortgage to proceed against the third possessor? In every section the law speaks of the possessor paying the debt or satisfying the lien; was that to be done by a superintendent, or by the one claiming an interest in the estate? If the principal debtor be dead, leaving a single heir, who has accepted the succession, he may be proceeded against in the action hypothecary; but suppose the property be leased by the ancestor, may he not still be proceeded against in that form of action? if so, he (and not the tenant) is the possessor. *See Code of Practice.* But this subject seems to be put at rest by reference to the Civil Code, article 3396: " One may possess a thing not only by one's self, but also by other persons."

" Thus the proprietor of a house or other tenement, possesses by his tenant or by his farmer; the minor by his tutor or curator, and in general, every proprietor by the persons who hold the thing in his name."

6. This objection goes to the right of the petitioner to sue Allain, and it is believed, must be fatal to the whole proceed-

EASTERN DIST. ing.   In addition, we rely that many irregularities exist ·in
February, 1887. the cause in the course of its prosecution, which are sufficient
MOORE         for its reversal.   The affidavit annexed to the petition is not
vs.
ALLAIN.       such as the law contemplates, of whom the demand was
made, or at what time does not appear ; and upon the trial
of the cause, the proof was wholly insufficient to establish
the necessary facts ; it presented no fact whatever, but
contained deductions only. It is said that the appeal should be
dismissed, because there is no statement of facts or bill of
exceptions, upon which to found a reversal.    This, it is
presumed, is not necessary in all cases; if the record shows
that the Inferior Court erred, it must be sufficient.   Suppose
a case of a suit against one, and a judgment against another,
would the latter be without remedy ?   But this is a state-
ment of facts.   The record shows the written and oral
testimony which was used on the trial.

7. If it was not necessary in the first instance to have sued
Mrs. Yeatman, the owner of the estate, the one interested in
the controversy,. the one interested in redemption, the one
interested in showing the extinguishment of the mortgage,
the one entitled to claim succession of the other mortgaged
estate, a right which belonged to her, and could not possibly
be exercised by Allain ; yet after having been made a party
at the instance, or on the motion of Moore, for the appoint-
ment of a curator *ad hoc*, then to have dismissed the case as
to her, and thereby depriving her of a right to be heard, was
most clearly erroneous.

*Bullard, J.*, delivered the opinion of the court.

This is an hypothecary action, in which the plaintiff seeks
to make the amount due ·him by his former tutor, on a final
settlement of his accounts, by the seizure and sale of a tract
of land, formerly the property of his tutor, and now in the
occupancy of the appellant.   In answer to the petition, the
appellant disclaimed any title to the property, averring that he
leased the same from James Erwin, as the agent of Mrs.
Yeatman, of Tennessee. He therefore prayed that a curator *ad
hoc* might be appointed to defend the interest of the absentee,

who he prays may be cited in warranty, to defend this suit, as owner of the property, and that he may be dismissed with costs. Accordingly, a curator *ad hoc* was appointed, who was cited, and the case was continued for six months. At the next succeeding term of the District Court, no answer having been filed on the part of the absentee, the court overruled or rescinded the order for calling in the warrantor, and no further opposition being made by Allain, the court pronounced a judgment, ordering the sale of the mortgaged property.

*Eastern Dist.*
*February, 1837.*

MOORE
*vs.*
ALLAIN.

All those arguments which have been addressed to this court, on the part of the appellant, relate to a want of evidence of legal demand on Nicholls, the mortgagor, and the insufficiency of the affidavit at the inception of these proceedings, and to the regularity of the proceeding in the suit of Moore against his tutor, may be answered by saying, that the defendant did not put those matters in issue by his answer. He chose to make no opposition further than to disclaim any title in the premises, and to demand that the absent owner should be cited in warranty. The only questions, therefore, which this court can properly entertain are, whether the plaintiff was bound to make the person, indicated by the defendant as the owner, a party, and to carry on the suit contradictorily with him, and whether the court erred in disregarding the call on the absentee, and proceeding to judgment without him.

It has been strenuously urged, in argument, that the law requires the hypothecary action to be brought against a possessor of the mortgaged premises, who has some interest in making opposition, some right to abandon, and who has the right of possession, and not against a mere tenant, whose possession is that of his lessor, and who is without interest to contest the claim, to plead discussion, or to pay the debt rather than abandon the property to be sold. In prosecuting a petitory action, it is true, the defendant in possession, who disclaims title, and indicates the name of his lessor, may be dismissed, and the person claiming title or possession must be made a party. *Code of Practice, article* 43. But the

In a petitory action the defendant in possession, who declines title and indicates the name of his lessor, may be dismissed, and the person claiming title must be made a party.

Eastern Dist.
February, 1837.

MOORE
vs.
ALLAIN.

The hypothecary action is a proceeding in rem, and when brought against the mortgaged property, it follows it as a real right into whatever hands it may be found. The third possessor claiming it, must either give up the property or pay the mortgaged debt.

The person in the occupancy of mortgaged property, cannot get himself discharged from an hypothecary action, on indicating the name of his lessor. He may notify the latter to appear and defend the property.

The occupant or tenant of mortgaged property is not liable for costs in an hypothecary action against it. It is a proceeding in rem, and the property must pay.

hypothecary action is governed, by different rules, and is essentially a proceeding in rem. It is an action which is brought *against the mortgaged property*, in order to have it seized and sold. It follows the property in whatever hand it may be found. *Articles* 61, 62. If the hypothecated property be in the possession of a third person, the creditor has his action against that person, in order to compel him either to give up the property, or to pay the amount for which it is mortgaged. *Article* 68. No part of the Code of Practice requires that the person in the real occupancy of the property shall be discharged from the action on his indicating the name of his lessor. And in the present case the plaintiff was not bound, in our opinion, to proceed against the supposed owner, who was absent. The appointment of a curator *ad hoc*, and notice to him, was required by the defendant, and it was not the fault of the plaintiff, if the lessor did not see fit to step forward and defend his tenant, and make opposition to the order of seizure and sale. A delay of six months was given for that purpose, and it was not for the plaintiff to ask a judgment by default, on the failure of the absent owner, by his curator *ad hoc*, to answer the demand made against him by the original defendant.

The judgment of the District Court is, however, erroneous, in rendering the appellant personally liable for costs, and in this respect it must be reformed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and proceeding to give such judgment as ought, in our opinion, to have been rendered below, it is further ordered and decreed, that the tract of land described in the petition, be seized and sold, according to law, to satisfy the judgment recovered by the plaintiff against John Nicholls, for seven thousand nine hundred and eight dollars, together with the costs of this proceeding, and the sale of the mortgaged premises, and that the plaintiff pays the costs of this appeal.